**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**VINAYAK BIRLA,**

**Plaintiff,**

**v.** **Case No: 8:24-cv-01438-MSS-CPT**

**ROBINHOOD SECURITIES, LLC,**

**Defendant.**

---

**ORDER**

**THIS CAUSE** comes before the Court for consideration of Plaintiff Vinayak Birla's Motion to Vacate Arbitration Award (the "Motion"), (Dkt. 19), Defendant Robinhood Securities, LLC's response in opposition thereto, (Dkt. 26), and Plaintiff's request for oral argument on the Motion. (Dkt. 19) The Court finds that the Motion is due to be denied and the request for oral argument is due to be denied.

## I. BACKGROUND

Plaintiff opened his Robinhood account (the "Account") in January 2020 for personal use. (Dkt. 19 at 1) In 2024, an unknown fraudster gained access to the Account and drained it of Plaintiff's assets. (Id. at 2) Plaintiff contends that he timely disputed to Defendant the unauthorized transfers from the Account, and that upon receipt of the dispute, Defendant was obligated under the Electronic Funds Transfer Act, 15 U.S.C. § 1693, *et seq.* (the "EFTA"), to investigate and, if the transactions were

found to be unauthorized, reimburse Plaintiff for the unauthorized transactions on the Account. (Id.)

Plaintiff filed the Complaint on June 13, 2024, seeking relief against Defendant over alleged violations of the EFTA. On August 13, 2024, upon the Parties' Stipulation to Stay Proceedings Pending the Outcome of Arbitration, (Dkt. 10), the Court entered an Endorsed Order staying this case pending the arbitration. (Dkt. 12) On March 23, 2026, following completion of a final arbitration hearing in Tampa, Florida, (Dkt. 26 at 3), the FINRA arbitration panel entered its award (the "Award"), (Dkt. 26 at 21-24), determining that:

> [Plaintiff's] claims are denied in their entirety. [Plaintiff] failed to establish that the brokerage account at issue was subject to the provisions of the Electronic Funds Transfer Act, 15 U.S.C. §1693.

(Dkt. 19 at 7; 26 at 8, 22) Accordingly, it appears that the FINRA arbitration panel entered an award in favor of Defendant and against Plaintiff because it concluded that the Account is not an account under the EFTA. See 15 U.S.C. § 1693a(2) (defining an "account" under the EFTA as "a demand deposit, savings deposit, or other asset account . . . established primarily for personal, family, or household purposes").

On April 17, 2026, the Court lifted the stay, (Dkt. 18), on Plaintiff's representation that the arbitration proceedings had concluded. (Dkt. 17) On June 19, 2026, Plaintiff timely, see 9 U.S.C. § 12, filed the Motion. (Dkt. 19). Defendant filed its response in opposition on July 16, 2026. (Dkt. 26)

## II. DISCUSSION

"Review of arbitration decisions is among the narrowest known to the law[.]" Warrior Met Coal Mining v. United Mine Workers of Am., 28 F.4th 1073, 1078 (11th Cir. 2022) (citation and quotation marks omitted). "There is a presumption under the FAA [(the Federal Arbitration Act)] that arbitration awards will be confirmed, and federal courts should defer to an arbitrator's decision whenever possible." Reach Air Med. Servs. LLC v. Kaiser Found. Health Plan Inc., 160 F.4th 1110, 1119 (11th Cir. 2025) (citation and quotation marks omitted).

Section 10 of the FAA supplies the "exclusive grounds" for vacatur of an arbitration award and it is construed narrowly to preserve arbitration's virtue of "resolving disputes straightaway." See Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 584, 588 (2008). Section 10(a) of the FAA provides that a district court may, upon application of any party to the arbitration, issue an order vacating the arbitrator's award:

> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a).

As the Eleventh Circuit has held that the four statutory bases for vacatur are exclusive, "neither a manifest disregard of the law nor an incorrect legal conclusion constitutes grounds for vacating or modifying an arbitration award." Graulau, v. Credit One Bank, N.A., No. 6:19-CV-1723-WWB-EJK, 2023 WL 2930957, at *4 (M.D. Fla. Mar. 27, 2023) (citing Southern Commc'ns Servs., Inc. v. Thomas, 720 F.3d 1352, 1358 (11th Cir. 2013)), report and recommendation adopted, 2023 WL 10449454 (M.D. Fla. Sept. 18, 2023), aff'd, No. 23-13168, 2024 WL 1174022 (11th Cir. Mar. 19, 2024); accord White 6 Springs Agric. Chems., Inc. v. Glawson Ivs. Corp., 660 F.3d 1277, 1280 (11th Cir. 2011) (an arbitration "panel's incorrect legal conclusion is not grounds for vacating or modifying the award") (citations omitted). Thus, a district court "may revisit neither the legal merits of the award nor the factual determinations upon which it relies." Wiand v. Schneiderman, 778 F.3d 917, 926 (11th Cir. 2015) (citations omitted).

Section 10(a)(4) permits vacatur "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4). The Eleventh Circuit has approvingly quoted a Florida appellate court's statement that, "[u]nder federal authority, . . . the test for whether an arbitrator exceeds his authority is whether the arbitrator had the power, based on the parties' submissions or the arbitration agreement, to reach a certain issue, not whether the arbitrator correctly decided that issue." Inversiones y Procesadora Tropical INPROTSA, S.A. v. Del Monte Int'l GmbH, 921 F.3d 1291, 1303 (11th Cir. 2019) (quoting Computer Task Grp., Inc. v.

Palm Beach Cty., 782 So. 2d 942, 943 (Fla. 4th DCA 2001)), overruled on other grounds in part by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A., 66 F.4th 876 (11th Cir. 2023); see also Gherardi v. Citigroup Glob. Markets Inc., 975 F.3d 1232, 1238 (11th Cir. 2020) (quoting Computer Task Grp., 782 So. 2d at 943).

Plaintiff contends that the FINRA arbitration panel exceeded its powers because the Award "rests on the false premise that [Plaintiff's] Robinhood brokerage account is excluded from the [EFTA's] definition of 'account;' [and] the governing statutory framework unequivocally forecloses such a conclusion." (Dkt. 19 at 12) Plaintiff states "that rather than follow the law, as they were obligated to do, the panel followed the FINRA Dispute Resolution Services Arbitrator's Guide [(the "Guide")]," (id. at 4 (footnote omitted)), which states in part that:

> [a]rbitrators are not strictly bound by legal precedent or statutory law. However, it is important that arbitrators not manifestly disregard the law. By doing so, your award may be vacated. In other words, if the parties have provided the panel with the law, the law is clear, and it applies to the facts of the case, the arbitrators should not disregard it.

(Dkt. 19-1 at 64) Plaintiff states that, "[b]y failing to adhere to the unequivocal statutory provisions of the EFTA and instead interposing a non-existent statutory exclusion for an entire industry, an industry that exclusively requires legal disputes to be submitted to FINRA, the arbitration panel effectively rewrote the statute and thus exceeded their powers, which is justifiable grounds to vacate the Award." (Dkt. 19 at 4-5 (footnote omitted))

In its response in opposition, Defendant contends that "neither disregard (or even manifest disregard) of the law nor misapplication of the law is grounds to vacate

an award[,]" and, accordingly, the Motion is due to be denied as "the only basis [Plaintiff] offers for his assertion that the Panel exceeded its powers is his claim that the arbitrators disregarded the law or misapplied the law." (Dkt. 26 at 7)

Defendant is correct. Plaintiff asserts that "the issue is whether the panel exceeded its authority by effectively rewriting a consumer protection statute to include a putative limitation found nowhere in the statutory framework." (Dkt. 19 at 8) Plaintiff argues, essentially, that his position in the arbitration proceedings—that the Account is covered under the EFTA—is correct, and the arbitrators' disagreement on this point establishes that they abandoned interpretation and application of the law in favor of their "own brand of . . . justice." Stolt-Nielsen S.A. v. AnimalFeeds International Corp., 559 U.S. 662, 671-72 (2010).

Plaintiff's contention that the arbitrators disregarded the law is not a basis for vacatur. Southern Commc'ns Servs., 720 F.3d at 1358 ("Judicially-created bases for vacatur that we had formerly recognized, such as where an arbitrator behaves in manifest disregard of the law, are no longer valid. … Nor is an incorrect legal conclusion … grounds for vacating or modifying an award.") (cleaned up) (quotations and citations omitted). The Eleventh Circuit has explained that courts cannot entertain arguments that an arbitrator "exceeded her powers by acting contrary to the law" because courts do not review the arbitrator's award for underlying legal error. White Springs Agric. Chemicals, Inc. v. Glawson Invs. Corp., 660 F.3d 1277, 1283 (11th Cir. 2011) ("Even though White Springs presents its argument in terms of the FAA, it asks

us to do what we may not—look to the legal merits of the underlying award"). Simply put, Plaintiff's argument is foreclosed by binding precedent.

Plaintiff does not identify an issue the arbitrators resolved that was beyond their power to reach. The Parties agreed to submit their dispute to arbitration and, as a result, the FINRA arbitration panel was empowered to determine whether Plaintiff's Account is covered under the EFTA such that he might prevail on his ultimate claim to relief under the EFTA. That Plaintiff disagrees with the FINRA arbitration panel's resolution of this issue does not convert the issue into one the panel was not empowered to resolve. Cf. Computer Task Grp., 782 So. 2d at 943. Accordingly, Plaintiff has failed to demonstrate that "the arbitrators exceeded their powers" under Section 10(a) of the FAA.

Even if Plaintiff's argument were not foreclosed by binding precedent, Plaintiff does not set forth a factual basis sufficient to support an inference that the arbitrators, in resolving the dispute before them, jettisoned the law in favor of any other analytical basis for reaching the Award. The record is devoid of allegations of fact indicating that this case is like Stolt-Nielsen, where, "[i]n sum, . . . the arbitration panel imposed its own policy choice and thus exceeded its powers." Stolt-Nielsen, 559 U.S. at 677. In that case, rather than inquire whether a legal authority supplies a rule of decision on an issue for which various potentially-applicable sources of governing law might have supplied a correct rule of decision, the arbitration "panel proceeded as if it had the authority of a common-law court to develop what it viewed as the best rule to be applied in such a situation." Id. at 673-74.

In this case, Plaintiff speculates that the Award is the result of the arbitrators' undisclosed invention of an extra-statutory exception to coverage under the EFTA; however, such speculation is not supported in the record. For example, Plaintiff does not present any evidence suggesting that the arbitrators eschewed positive law in favor of their own policy preferences or that they referred to the Guide such that they might be influenced by it in rendering the Award.

Defendant provides a rationale by which the arbitrators might have reached their unanimous panel decision. (See Dkt. 26 at 10-15) Under the proposed rationale, the arbitrators could have determined that Plaintiff's Account is not an "account" covered by the EFTA because the Account is not a covered "demand deposit (checking), savings, or other consumer asset account[,]" or a "prepaid account." See 12 C.F.R. § 1005.2(b)(1). Thus, while perhaps not every tribunal would adopt it, the rationale Defendant provides appears plausibly meritorious.

The Court need not—indeed cannot—address the merits of the Parties' opposing arguments. But it would appear at least arguable that the challenge here stems from the arbitrators' application of the law rather than a decision to jettison the law entirely. In any event, there is no evidence that the arbitrators did not attempt to apply the law, and this Court is not empowered to review the correctness of the arbitrators' resolution of legal issues before them. Accordingly, Plaintiff's Motion is due to be **DENIED**.

The Court has resolved the Motion on the papers, and finds that Plaintiff's request for oral argument on the Motion is due to be denied. See Booth v. Hume Pub.,

Inc., 902 F.2d 925, 932 (11th Cir. 1990) ("[T]he district court need not conduct a full hearing on a motion to vacate or confirm; such motions may be decided on the papers without oral testimony") (citations omitted).

## III. CONCLUSION

Upon consideration of the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff Vinayak Birla's Motion to Vacate Arbitration Award, (Dkt. 19), is **DENIED**.
2. Plaintiff's request for oral argument on the Motion, (Dkt. 21), is **DENIED**.
3. The Clerk is **DIRECTED** to terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida, this 13th day of October 2026.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person